IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

MELISSA BOATMAN                                                              PLAINTIFF

vs.                                        Civil No. 6:16-cv-06102

NANCY A. BERRYHILL                                                          DEFENDANT
Acting Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Melissa Boatman ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her applications for a period of disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI") under Titles II and XVI of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 7. Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.    Background:**

Plaintiff protectively filed her disability applications on January 8, 2013. (Tr. 24, 274-288). In her applications, Plaintiff alleges being disabled due to bipolar disorder, depression, and anxiety. (Tr. 339). Plaintiff alleges an onset date of January 1, 2011. (Tr. 24). Her applications were denied initially and again upon reconsideration. (Tr. 81-130).

Plaintiff requested an administrative hearing on September 24, 2013. (Tr. 152). This hearing

1

request was granted, and Plaintiff's administrative hearing was held on April 15, 2015 in Hot Springs, Arkansas. (Tr. 41-80). At this hearing, Plaintiff was present but was not represented by counsel. *Id.* Plaintiff, Vocational Expert ("VE") Stephanie Ford, and a witness for Plaintiff testified at this hearing. *Id.* During this hearing, Plaintiff testified she was forty-four (44) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (DIB) and 20 C.F.R. § 416.965(c) (SSI). (Tr. 50). As for her education, Plaintiff testified she started the twelfth grade in school but did not graduate. *Id.*

On June 11, 2015, after the administrative hearing, the ALJ entered a fully unfavorable decision denying Plaintiff's applications. (Tr. 21-35). The ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2016. (Tr. 26, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since January 1, 2011, her alleged onset date. (Tr. 26, Finding 2). The ALJ determined Plaintiff had the following severe impairments: depression, anxiety, and bipolar disorder. (Tr. 26-27, Finding 3). The ALJ also determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 27-28, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 28-33, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the capacity to perform the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: The claimant is

> limited to simple, routine work with simple instructions and only occasional contact
> with supervisors, coworkers, and the general public.

*Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW") and found Plaintiff was unable to perform any of her PRW. (Tr. 33-34, Finding 6). The ALJ then considered whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 34-35, Finding 10). The VE testified at the administrative hearing regarding this issue. *Id.*

Based upon this testimony and considering her RFC, the ALJ determined Plaintiff retained the capacity to perform the following occupations: (1) dishwasher (medium, unskilled) with 18,000 such jobs in the region and 191,000 such jobs in the nation; and (2) housekeeper (light, unskilled) with 13,000 such jobs in the region and 132,000 such jobs in the nation. (Tr. 34). Because Plaintiff retained the capacity to perform this other work, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, at any time from January 1, 2011 through the date of her decision or through June 11, 2015. (Tr. 35, Finding 11).

Plaintiff sought review with the Appeals Council. On September 1, 2016, the Appeals Council denied this request for review. (Tr. 1-4). On October 11, 2016, Plaintiff filed a Complaint in this case. ECF No. 1. Both Parties have filed appeal briefs and have consented to the jurisdiction of this Court. ECF Nos. 7, 11-12. This case is now ready for determination.

## 2.     **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g)

3

(2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that

significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.  Discussion:**

In her appeal brief, Plaintiff raises one issue: substantial evidence does not support the ALJ's finding that she could perform a full range of work at all exertional levels. ECF No. 11 at 1-12. Specifically, she claims the ALJ erred when she found Plaintiff's impairments did not meet the requirements of Listings 12.04 (affective disorder) and 12.06 (anxiety-related disorders). *Id.* Defendant has responded to Plaintiff's brief and argues Plaintiff has not met her burden of demonstrating she meets the requirements of either of these Listings. ECF No. 12. The Court will consider Plaintiff's argument for reversal.

Plaintiff claims her mental impairments meet the requirements of Listing 12.04 (depressive, bipolar disorder, and related disorders) and Listing 12.06 (anxiety and obsessive-compulsive disorder). ECF No. 11 at 1-12. In considering this issue, the Court first notes it is well-recognized Plaintiff has the burden of demonstrating her impairments meet the requirements of one of the

5

Listings.  *See Cox,* 160 F.3d at 1206.

In order to meet the requirements of either one of these Listings, Plaintiff must demonstrate her impairments meet certain criteria *and* also demonstrate the following: "Extreme limitation in one, or marked limitation of two, of the following areas of mental functioning (see 12.00F): 1. Understand, remember, or apply information (see 12.00E1). 2. Interact with others (see 12.00E2). 3. Concentrate, persist, or maintain pace (see 12.00E3). 4. Adapt or manage oneself (see 12.00E4)." Upon review, the Court finds Plaintiff has not met these requirements.

First, Plaintiff has not demonstrated she has a "marked" limitation in understanding, remembering, or applying information.  In April of 2013, Plaintiff's consultative mental diagnostic evaluation with Dr. Rafael F. Otero, Ph.D. revealed she had a relevant thought content and a logical and coherent through process.  (Tr. 478-481).  Plaintiff was able to name five cities and had knowledge of current events.  (Tr. 480).  Plaintiff had functional memory with intact long-term memory for personal information.  *Id.*  She showed functional math skills and had the ability to complete simple math problems indicative of a functional ability for daily calculation.  *Id.*  Although Plaintiff's concentration seemed borderline, Dr. Otero indicated she was going through a manic phase and had not been taking any medication.[1]  (Tr. 479-481).  Based upon these records, the ALJ found Plaintiff only had moderate difficulties in this area.  The Court finds no basis for reversing the ALJ's finding on this issue.

---

[1] Plaintiff argues her statements to Dr. Otero that she was not taking any medication or receiving mental health treatment was a misstatement; and therefore, the ALJ's reliance on this misstatement should result in reversible error.  *See* ECF No. 11 at 6.  This argument is without merit.  Upon review, the record demonstrates Plaintiff last visited the Charitable Christian Clinic almost *two years* prior to Dr. Otero's evaluation and her next mental health visit was not until six months later.  (Tr. 441-475, 482-490).  Therefore, there was no reason for the ALJ to discredit Dr. Otero's findings on this issue.

Second, Plaintiff has not demonstrated she has a "marked" limitation in interacting with others. Indeed, Plaintiff testified at the administrative hearing that she cared for her three-year-old grandson for a couple of weeks at a time. (Tr. 58). Plaintiff testified she worked as a full-time server from March of 2010 through June of 2012. (Tr. 32, 54). From September of 2013 through February of 2014, Plaintiff worked part-time for 12 to 15 hours per week as an in-home health aid worker. (Tr. 52). Plaintiff stopped working because she moved out of the area. (Tr. 53). Based upon these records, the ALJ found Plaintiff had only moderate difficulties in this area. The Court finds no basis for reversing the ALJ's finding on this issue.

Third, Plaintiff has not demonstrated she has a "marked" limitation in concentration, persistence, or maintaining pace. As noted above, the results from Dr. Otero's examination support a finding that she has only a moderate limitation in this domain of functioning. The Court finds no basis for reversing the ALJ's finding on this issue.

Fourth, Plaintiff has not demonstrated she has a "marked" limitation in adapting or managing herself. Notably, in a function report dated February 4, 2013, Plaintiff admitted that she took care of her grandson's needs all day by preparing meals, putting him down for naps, playing with him, and bathing him. (Tr. 349). Plaintiff also did dishes and laundry, cleaned the bathroom, vacuumed, and dusted. (Tr. 350). She could pay bills, count change, and manager her own finances. (Tr. 351). In April of 2013, Plaintiff reaffirmed to Dr. Otero that she could perform all activities of daily living without supervision or assistance. (Tr. 27, 479). These results from Dr. Otero's examination support a finding that she has only a moderate limitation in this domain of functioning. The Court finds no basis for reversing the ALJ's finding on this issue.

Notably, because Plaintiff has not met her burden of demonstrating she has a "marked" or

"extreme" limitation in any of these domains of functioning, the Court finds no basis to reverse the ALJ's determination that Plaintiff does not meet the requirements of either Listing 12.04 or 12.06.

**4.      Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 17th day of October 2017.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE